UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUMMIT SUN INVESTMENTS, LLC,

Plaintiff,

Case No. 3:24-cv-31

vs.

MONTGOMERY COUNTY BOARD OF COMMISSIONERS,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) REQUIRING PLAINTIFF TO SHOW CAUSE WHY ITS CLAIMS SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; (2) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT; (3) DENYING WITHOUT PREJUDICE AND SUBJECT TO RENEWAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 24); (4) DENYING WITHOUT PREJUDICE AND SUBJECT TO RENEWAL PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (Doc. No. 26); AND (5) DENYING WITHOUT PREJUDICE AND SUBJECT TO RENEWAL PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL (Doc. No. 25)**

---

This is a civil class action case, premised on federal question jurisdiction, in which Plaintiff Summit Sun Investments, LLC, through counsel, seeks damages, declaratory and injunctive relief, and attorneys' fees and costs against Defendant Montgomery County Board of Commissioners for alleged violations of the United States and Ohio Constitutions and Ohio state law. *See* Doc. No. 1 at PageID 3, 13–19. Plaintiff alleges it purchased a Dayton property (the "Property") without title issues. *Id.* at PageID 4. When Plaintiff contacted Defendant to transfer the Property's water service to its own name, Defendant required Plaintiff to pay the previous owner's unpaid water bills before water service could be restored at the Property. *Id*. at PageID 4–5. Ultimately, Plaintiff

paid the previous owner's delinquent water bills and water service was provided to the Property. *Id.* at PageID 5.

The parties filed cross-motions for summary judgment. Doc. Nos. 24, 26. Both parties filed responses (Doc. Nos. 31, 34), as well as replies (Doc. Nos. 37, 39). Plaintiff then requested leave to file an amended response (Doc. No. 36), which the Court granted. Doc. No. 43. Defendant requested leave to file a sur-reply (Doc. No. 40), which the Court granted. Doc. No. 50. Subsequently, Defendant filed a sur-reply (Doc. No. 48). Additionally, Plaintiff filed a motion for class certification and appointment of class representative and class counsel. Doc. No. 25. Defendant responded (Doc. No. 33); Plaintiff replied (Doc. No. 38); and Defendant filed a sur-reply with leave of Court (Doc. No. 49). The Court then held an in-person class certification hearing on July 14, 2026. The parties' motions are now ripe for review.

Having carefully reviewed and considered this matter and all briefing filed to date, the Court questions whether Plaintiff has satisfied the Article III standing requirements necessary to pursue all its claims in this case. Accordingly, the Court cannot proceed with any ruling on the merits or class certification at this time. *See Zilba v. City of Port Clinton, Ohio*, 924 F. Supp. 2d 867, 872 (N.D. Ohio 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

**I.**

Federal courts have authority to decide only "cases" and "controversies." U.S. CONST. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "[T]o qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019). "To have standing, a plaintiff must allege (1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) (citing *Lujan*, 504 U.S. at 559–61). If a plaintiff cannot demonstrate

Article III standing, their claims must be dismissed for lack of subject matter jurisdiction. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (citing *Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (6th Cir. 2005)). At the summary judgment stage, the party invoking federal jurisdiction bears the burden of establishing standing by setting forth specific facts by affidavit or other evidence. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) (citing *Lujan*, 504 U.S. at 561).

**II.**

It is unclear to the Court whether the requirements of Article III standing have been met here as to all of Plaintiff's claims. First, Plaintiff contends it suffered "concrete injury" when it paid $5,750—the amount of the previous Property owner's unpaid water bills—in order to restore water services at the Property. Doc. No. 34 at PageID 915. The record before the Court shows that, prior to filing the complaint in this case: (1) Plaintiff sold the property at issue for a profit (Doc. No. 22 at PageID 169–70), and (2) Plaintiff sought to recover amount of the unpaid water bills from the previous owner's estate but voluntarily withdrew its motion for distribution of funds in that separate legal proceeding (Doc. No. 22 at PageID 178). While Plaintiff argues these subsequent events do not negate the fact that it experienced financial injury sufficient to confer standing upon it (Doc. No. 34 at PageID 915–17), it fails to provide sufficient relevant case law and analysis in support of each required element of Article III standing.

Second, even if such past economic harm confers upon Plaintiff standing to bring its claims for monetary damages, Plaintiff has failed to specifically and separately address whether it has standing to bring claims for declaratory and injunctive relief. *See Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) ("[W]e must determine whether the alleged harm affords [a plaintiff] standing to seek injunctive and declaratory relief, or only

damages."). While Plaintiff alleges it plans to purchase another Montgomery County property in the future (Doc. No. 1 at PageID 5; Doc. No. 34 at PageID 916–17), the Court questions whether this is too speculative for the purposes of establishing Plaintiff's standing to bring claims for declaratory/injunctive relief. *See Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020) (quoting *Grendell v. Ohio Sup. Ct.*, 252 F.3d 828, 832 (6th Cir. 2001)) ("To win declaratory or injunctive relief, a plaintiff 'must show actual present harm or a significant possibility of future harm.'").

**III.**

Accordingly, this Order shall constitute an **ORDER TO SHOW CAUSE** why dismissal of some or all of Plaintiff's claims should not occur for lack of subject matter jurisdiction. This Show Cause Order can be satisfied by the filing of an amended complaint if Plaintiff deems it appropriate. To that end, the Court **GRANTS** Plaintiff leave to file an amended complaint. If Plaintiff elects to file an amended complaint, Plaintiff shall do so by **September 30, 2026**, and shall also file an accompanying memorandum explaining how the amended complaint satisfies the Article III standing issues raised in this Order.

If, on the other hand, Plaintiff believes an amended complaint is not necessary, Plaintiff shall file a brief by **September 30, 2026** explaining how Article III standing is satisfied as to each of the forms of relief sought in this case by the existing complaint. Defendant shall file a responsive brief, if any, by **October 7, 2026**. Following its receipt of the parties' responses to this Show Cause Order, the Court will consider this threshold issue and proceed accordingly.

In light of the Court's concerns about jurisdiction in this case, the Court **DENIES WITHOUT PREJUDICE AND SUBJECT TO RENEWAL** Defendant's motion for summary judgment (Doc. No. 24) and **DENIES WITHOUT PREJUDICE AND SUBJECT TO**

**RENEWAL** Plaintiff's cross-motion for summary judgment (Doc. No. 26). Further, the Court **DENIES WITHOUT PREJUDICE AND SUBJECT TO RENEWAL** Plaintiff's motion for class certification and appointment of class representative and appointment of class counsel (Doc. No. 25). If appropriate, after consideration of the Article III standing issue, the Court will amend the calendar order to permit the parties to renew these motions.

**IT IS SO ORDERED.**

September 23, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge